IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **UNITED STATES MARITIME** | * | |
| **ALLIANCE, LTD.** | | |
| 485C US Highway 1 South, Suite 100 | * | |
| Iselin, NJ 08830 | | |
| | * | |
| and | | |
| | * | |
| **THE STEAMSHIP TRADE** | | |
| **ASSOCIATION OF BALTIMORE, INC.** | * | |
| 8615 Ridgley's Choice Dr., Ste 202 | | |
| Nottingham, MD 21236 | * | |
| | | Case No. |
| Plaintiffs, | * | |
| | | |
| v. | * | |
| | | |
| **LOCAL 333, INTERNATIONAL** | | |
| **LONGSHOREMEN'S ASSOCIATION,** | * | |
| **AFL-CIO,** | | |
| 1104 Hull Street | | |
| Baltimore, Maryland 21230 | * | |
| | | |
| | * | |
| Defendant. | | |
| | * | |

**************************************

## COMPLAINT

Plaintiffs, United States Maritime Alliance, Ltd., and The Steamship Trade Association

of Baltimore, Inc., by the undersigned attorneys, as and for their Complaint, respectfully allege

as follows:

## JURISDICTION AND VENUE

1.      This action seeks confirmation of a labor arbitrator's award enforcing the

provisions of a collective bargaining agreement between employers and a labor organization

representing employees in an industry affecting commerce. Jurisdiction is invoked under the Labor-Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 1331.

2.     The defendant is found, does, and transacts business in the District of Maryland. The respective duly authorized officers and agents of the defendant are engaged in representing and acting for their members in the District of Maryland. Therefore, venue in the District of Maryland is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 185.

## PARTIES

3.     Plaintiff United States Maritime Alliance, Ltd. ("USMX") is a non-profit membership corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal office located at 485C U.S. Highway 1 South, Iselin, New Jersey 08830. USMX is a multiemployer collective-bargaining representative for its members, which are shipping companies or lines (also known as carriers), marine terminal operators and stevedoring companies, and port associations that represent employers of longshore labor engaged in container and roll on/roll off ("ro/ro") operations in ports on the East and Gulf Coasts of the United States, including the Port of Baltimore.  USMX on behalf of its members negotiates and administers with the International Longshoremen's Association, AFL-CIO ("ILA") on behalf of its constituent locals, including the local that is the defendant in this action, a collective bargaining agreement, known as the Master Contract, which prescribes the key terms and conditions of employment for longshore workers employed in container and ro/ro operations in ports on the East and Gulf Coasts of the United States, including the Port of Baltimore. USMX represents employers in an industry affecting commerce within the meaning of §§ 2(2) and 301 of the LMRA.

2

4.     Plaintiff The Steamship Trade Association of Baltimore, Inc. ("STA"), which is a member of USMX, is a corporation organized and existing under and by virtue of the laws of the State of Maryland with its principal office located at 8515 Ridgeley's Choice Drive, Suite 200, Nottingham, Maryland 21236.  STA is a multiemployer collective-bargaining representative for its members, which are employers of waterfront labor in the Port of Baltimore.  STA negotiates, enters into, and administers on behalf of its members collective bargaining agreements prescribing the local terms and conditions for longshore workers in the Port of Baltimore.  STA represents employers in an industry affecting commerce within the meaning of §§ 2(2) and 301 of the LMRA.

5.     Defendant Local 333, International Longshoremen's Association, AFL-CIO ("Local 333") is an unincorporated association, *i.e.*, a labor organization, with its principal office located at 1104 Hull Street, Baltimore, Maryland 21230.  Local 333 represents the craft of longshore workers known as longshoremen who are employed by USMX's terminal operator and stevedore members and STA's members in the Port of Baltimore and who are responsible for loading and unloading cargo on to and off of cargo ships.  Local 333 is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C.A. § 152(5).

6.     Non-party ILA is an unincorporated association, *i.e.*, a labor organization with its principal office located 5000 West Side Avenue, North Bergen, New Jersey 07047.  The ILA represents longshore workers employed by USMX's members along the East and Gulf Coasts, including STA's members in the Port of Baltimore.  The ILA on behalf of its constituent locals, including Local 333, negotiates the Master Contract with USMX.  The ILA is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

3

**BACKGROUND FACTS**

7.      Approximately 1,100 members of Respondent Local 333 are employed by members of STA in the Port of Baltimore in the loading and unloading of steamship vessels and ancillary work.  The continuous service of these employees is essential to the ability of STA's members to provide adequate service to their customers, to maintain the Port of Baltimore as a viable transportation gateway, and to service the needs of the general public.

8.      There is a Master Contract in full force and effect between USMX, on behalf of management and including the STA, and the ILA, for and on behalf of itself and each of its affiliated districts and locals representing longshoremen, clerks, checkers and maintenance employees working on ships and terminals in ports on the East and Gulf Coasts of the United States. The Master Contract prescribes wages, hours, and other terms and conditions of employment for the various crafts of longshore employees handling containers and ro-ro cargo in the Port of Baltimore.  The provisions of the Master Contract apply to Local 333 as a local affiliated with the ILA.

9.      By virtue of the terms of the Master Contract, the ILA, its locals, and their officers, agents, and members are under a contractual duty and obligation to observe, perform, and carry out all the terms of the Master Contract and to settle all disputes peaceably through established contractual grievance and arbitration procedures during the term of the Master Contract.

10.     Plaintiffs have at all times performed all the terms and conditions of the collective bargaining agreement to be performed on their part and on the part of their members.

**FACTUAL BACKGROUND**

11.     On October 16 through October 18, 2013, Local 333 engaged in a work stoppage

in and around the Port of Baltimore.  That work stoppage involved a refusal-to-work by Local 333 at Seagirt Marine Terminal and Dundalk Marine Terminal.

12.    Local 333 picketers were in place at terminals conducting Master Contract cargo operations as well as at the entrance to the STA hiring center. The other ILA members in the Port of Baltimore refused to cross picket lines established by Local 333 and Port operations ground to a halt, including all operations handling cargo subject to the Master Contract.

13.    As a result, on October 16, 2013, USMX, on behalf of the STA and its other members, invoked the expedited arbitration procedure found in the grievance and dispute resolution process of the Master Contract, located in Article XIII, Section 6(d), in order to determine whether Local 333 violated the No-Strike Clause of the Master Contract, found in Article XV, Section 1, which forbids a lockout or strike during the term of the Master Contract.

14.    On October 16, 2013, USMX issued a Notice in accordance with the expedited arbitration provisions of the Master Contract and scheduled for October 18, 2013, at 9:00 A.M., an expedited hearing before Arbitrator M. David Vaughn in Baltimore to resolve the grievance concerning Local 333's violation of the no-strike provision of the Master Contract.

15.    Pursuant to Article XIII, Section 6(d) of the Master Contract, an expedited arbitration was held before Arbitrator M. David Vaughn on October 18, 2013, wherein evidence was submitted by both parties, and Arbitrator Vaughn issued an order granting preliminary relief, finding the strike to have been in violation of the no-strike provision of the Master Contract and ordered Local 333 to cease-and-desist from further interruption of work.  Specifically, Arbitrator Vaughn found that:

> The evidence establishes that the Master Contract is in effect, that it includes a no strike provision, that the Local has been and is on strike against STA and its member companies in consequence of failure to reach a local agreement and that the strike extends to

work exclusively covered by the Master Contract. The evidence does not support a conclusion that the implementation of the Master Contract was stayed or that the no strike provision was not in effect with respect to Local Union conduct in connection with local negotiations. The evidence persuades me that Local 333 violated its obligations under the Master Contract by striking against the performance of work covered under the Master Agreement. The picket lines established against reserve gates and at the Dispatch Center which provides labor for the performance of Master Contract work are not bona fide.

16.    Arbitrator Vaughn also found that Local 333's conduct "caused and are causing substantial and potentially irreparable harm and injury to STA members and customers and are causing losses of revenue and customer goodwill and have jeopardized future business at the Port." As a result, he retained jurisdiction "with respect to the Union's liability for damages suffered by STA and its members and/or customers."

17.    Local 333's members returned to work without any further work stoppages in accordance with the preliminary relief ordered by Arbitrator Vaughn.

18.    Thereafter, hearings were held before Arbitrator Vaughn on November 21, 2013, and on December 9, 10, and 16, 2013 with respect to the amount of damages incurred by member companies of USMX and STA. At these hearings both the members of USMX and STA were both represented by counsel during all the proceedings. During those four hearing days, the members of USMX and STA injured by the strike presented oral testimony and written documentation evidencing the damages incurred as a result of Local 333's unlawful work stoppage.

19.    After hearing the testimony and documentation presented by the parties, Arbitrator Vaughn issued an opinion and award on January 24, 2014 (the "Opinion and Award"). A copy of that award is attached as Exhibit "A." In the Opinion and Award, Arbitrator Vaughn awarded damages against Local 333 in the amount of $3,858,165.72, as follows:

6

    a.      To Mediterranean Shipping Company in the amount of $1,104,116.00;

    b.      To Evergreen Line in the amount of $221,440.00;

    c.      To Atlantic Container Lines in the amount of $252,972.87;

    d.      To Hamburg Süd in the amount of $406,323.00;

    e.      To Compañía Sud Americana de Vapores in the amount of $404,025.00;

    f.      To Compañía Chilena de Navegación Interoceánica in the amount of $360,341.85; and

    g.      To Ports America Chesapeake, LLC in the amount of $1,108,947.00.

## COUNT

20.    Plaintiffs hereby adopt, incorporate and restate the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count.

21.    The Opinion and Award was issued in accordance with the grievance machinery of the Master Contract and is binding on Local 333 and its members.

22.    The Opinion and Award was served by Arbitrator Vaughn on all parties by e-mail on January 24, 2014.

23.    To date, Local 333 has not made any payments in connection with the Opinion and Award. Thus, the entire outstanding amount of $3,858,165.72 remains due and owing.

24.    USMX and STA, and their respective members affected by Local 333's unlawful work stoppage, are entitled to an order of this court confirming and fully enforcing all of the terms and conditions of the Opinion and Award against Local 333.

25.    The Opinion and Award has not been vacated or modified, and no other action to confirm the Opinion and Award has been presented to this or any other court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray that this Court issue a judgment:

      A.     Confirming the final and binding Opinion and Award issued on January 24, 2014,

by Arbitrator M. David Vaughn; and

      B.     Adjudging and decreeing that Defendant Local 333 is liable for damages suffered

by Plaintiffs in the amount of $3,858,165.72 as set forth in the Opinion and Award; and

      C.     For such other relief as the Court may deem appropriate.

Dated: **July 1, 2014**

                      Respectfully submitted,

LAW OFFICES OF MICHAEL J. COLLINS, P.C    THE LAMBOS FIRM, LLP

By: _____        By: _____
     Michael J. Collins (05971)           William M. Spelman
     7104 Biter Lane               303 South Broadway
     Highland, Maryland 20777         Suite 410
     Tel. (410) 967-7614            Tarrytown, New York 10591
     Fax (410) 773-9900            Tel. (212) 381-9700
                                        Fax (212) 797-9213

     Attorney for The Steamship Trade     Attorneys for United States
     Association of Baltimore, Inc.       Maritime Alliance, Ltd.

*A002818*